**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KONAMI DIGITAL ENTERTAINMENT CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-10, <br><br> Defendants. | Case No. 2:26-cv-05918-AJR <br><br> **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER PERMITTING ALTERNATIVE METHOD OF SERVICE OF SUBPOENAS (BY EMAIL) ON PIXELDRAIN AND BUZZHEAVIER (DKT. 8)** |

**I.**

**INTRODUCTION**

On June 2, 2026, Plaintiff Konami Digital Entertainment Co., Ltd. ("Plaintiff") filed a Complaint alleging direct copyright infringement against Defendants Does 1 through 10. (Dkt. 1.) Plaintiff is the developer and owner of all intellectual property in Metal Gear Solid 2, Sons of Liberty ("MGS 2"), a highly regarded title in Plaintiff's popular Metal Gear Solid videogame franchise. (Id. at 2.) The Complaint addresses the unauthorized copying or retention, uploading, and distribution of Plaintiff's copyrighted software and other content for MGS 2, including non-public source code, game assets, and related materials for MGS 2.

(Id.)

In May 2026, Plaintiff discovered that unauthorized copies of its source code, non-public video assets from MGS 2, and internal MGS 2 development materials had been leaked and were circulating online.  (Id. at 5.)  Specifically, Plaintiff identified unauthorized copies or links to unauthorized copies of its materials on the Pixeldrain and Buzzheavier file-sharing websites, as well as links on a 4chan.com message board that directed users to Pixeldrain and Buzzheavier.  (Id.)  The Pixeldrain and Buzzheavier links hosted and made available for users unauthorized copies of Plaintiff's MGS 2 source code and related assets.  (Id.)  Additionally, the 4chan.com thread distributed and directed users to unauthorized copies of Plaintiff's MGS 2 source code and related assets, including by linking to the file-sharing pages that were distributing Plaintiff's copyrighted materials.  (Id.)

Upon learning of the unauthorized leak, Plaintiff's counsel sent notices and demand letters concerning the infringement to Pixeldrain, Buzzheavier, and 4chan.com.  (Id.)  Specifically, on May 13, 2026, Plaintiff's counsel emailed cease-and-desist and record-preservation demands to Pixeldrain and Buzzheavier at the following email address: abuse@pixeldrain.com and abuse@buzzheavier.com.  (Dkt. 8 at 5; Dkt. 8-1 at 2; Dkt. 8-2 at 2-5, 6-10.)  On May 13, 2026 and May 16, 2026, the file-sharing sites acknowledged, by return email, that they received Plaintiff's correspondence and had disabled the infringing links.  (Dkt. 8 at 5; Dkt. 8-1 at 2; Dkt. 8-3 at 2, 4.)  Additionally, Pixeldrain's reply email provided an alternative email address for correspondence with Pixeldrain at: "support@pixeldrain.com".  (Dkt. 8 at 5; Dkt. 8-1 at 2; Dkt. 8-3 at 4.)

On June 8, 2026, Plaintiff filed the instant Ex Parte Application for Order Permitting Alternative method of Service of Subpoenas (By Email) on Pixeldrain and Buzzheavier.  (Dkt. 8.)  Plaintiff contends that good cause exists for the relief requested because discovery of the Pixeldrain and Buzzheavier file-sharing websites is necessary to permit Plaintiff to identify the persons sued as Doe Defendants who

uploaded Plaintiff's confidential source code to their file-sharing sites. (Id. at 2.) Plaintiff's counsel states that he and other members of his firm investigated whether Pixeldrain and Buzzheavier have a physical address or agent for service of process in any jurisdiction, including overseas. (Dkt. 8-1 at 2.) Plaintiff's counsel notes that despite "a diligent investigation, [they] have not found any such address or agent for service of process." (Id.) Plaintiff's counsel also states that a "review of publicly available materials indicated that Pixeldrain and Buzzheavier take steps to obscure from public directories information about their physical location, and that their data storage centers may be maintained overseas." (Id.) Accordingly, Plaintiff requests the Court issue an Order permitting alternative service of subpoenas for records on Pixeldrain and Buzzheavier, by means of email delivery. (Dkt. 8 at 6-7.)

For the reasons discussed below, Plaintiff's *Ex Parte* Application for Order Permitting Alternative Method of Service of Subpoenas (By Email) on Pixeldrain and Buzzheavier is DENIED WITHOUT PREJUDICE. (Dkt. 8.)

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). The Ninth Circuit has not addressed whether all of the methods available for service of a summons and complaint under Rule 4 are also proper means for service of a subpoena under Rule 45, but most district courts agree that "delivering" requires personal service. See, e.g., City of Roseville Employees' Ret. Sys. v. Apple Inc., 2021 WL 1176641, at *10 (N.D. Cal. Mar. 29, 2021) (collecting cases). "Many courts have looked to Rule 4 of the Federal Rules of Civil Procedure, governing service, to determine the requirements for serving a subpoena on a corporation (whether foreign or domestic) within the United States." Id.

However, "[t]here appears to be a growing – although still minority – trend among courts to allow substitute service of a Rule 45 subpoena, such as mail delivery, so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." Fujikura Ltd. v. Finisar Corp., 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collecting cases). Notably, "[c]ourts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." Id.

### III.

### DISCUSSION

Plaintiff seeks an order authorizing it to alternatively serve Pixeldrain and Buzzheavier with subpoenas by means of email delivery. (Dkt. 8.) Plaintiff contends that serving Pixeldrain and Buzzheavier with the subpoenas is the only known path for Plaintiff to identify the Doe Defendants who are responsible for leaking Plaintiff's source code, and for advancing this litigation. (Id. at 4.) Plaintiff's counsel states that a diligent investigation failed to identify Pixeldrain's or Buzzheavier's physical addresses or agents for service of process, and that alternative service by email is the only means of serving Pixeldrain and Buzzheavier. (Id.; see also Dkt. 8-1 at 2.) However, Plaintiff does not provide sufficient evidence of its diligence in attempting to effectuate personal service or obtain physical addresses or agents for service for Pixeldrain or Buzzheavier.

Plaintiff suggests that Pixeldrain and Buzzheavier may be foreign corporations. (See Dkt. 8 at 5.) Federal Rule of Civil Procedure 4 provides different processes for serving business entities depending on whether they are foreign or domestic. See Fed. R. Civ. P. 4. Rule 4(f) provides three methods for effectuating service of process on a foreign individual or entity. First, "by any

internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Second, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(2). And third, "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Plaintiff appears to move under Rule 4(f)(3) by requesting an Order to alternatively serve Pixeldrain and Buzzheavier with subpoenas via email.

"Courts consider a variety of factors when evaluating whether to grant relief under Rule 4(f)(3)[,] including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had previously been in contact with the defendant." Rubie's Costume Co. v. Yiwu Hua Hao Toys Co., 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019). Here, only the third factor, that Plaintiff has been in contact with Pixeldrain and Buzzheavier, weighs in favor or granting relief under Rule 4(f)(3). As discussed above, Plaintiff has exchanged email correspondence with both Pixeldrain and Buzzheavier at their respective email addresses designated for reporting abuse. (See Dkts. 8, 8-1, 8-2, 8-3.) Additionally, Plaintiff seeks to serve the subpoenas on Buzzheavier at the same email address and on Pixeldrain at the same email address, as well as an additional email address provided by Pixeldrain. (See Dkt. 8-4.) Despite Plaintiff's prior correspondence with Pixeldrain and Buzzheavier, the Court does not find that the factors weigh in favor of granting relief under Rule 4(f)(3).

First, Plaintiff does not provide sufficient evidence to establish that it acted diligently in investigating whether Pixeldrain or Buzzheavier have physical addresses or agents for service of process. Plaintiff's counsel merely states that he and other members at his firm conducted a diligent investigation that failed to

identify Pixeldrain's and Buzzheavier's physical addresses or agents for service of process. (Dkt. 8-1 at 2.) Plaintiff's counsel provides no further detail as to the particulars of the investigation, such as how and when the search was conducted, which sources were examined, what methods were used, and what, if anything, was discovered. See Peter Millar, LLC v. Peter Millar, LP, 2025 WL 1938704, at *3 (E.D. Cal. July 15, 2025) ("However, Plaintiff does not provide sufficient detail to satisfy the Court that it exercised "reasonable diligence" and conducted a thorough, systematic investigation in good faith when searching for a valid address at which to serve Defendant."). Plaintiff fails to provide sufficient detail to satisfy the Court that it exercised reasonable diligence in investigating whether Pixeldrain or Buzzheavier had physical addresses or agents for service of process.

Next, Plaintiff also fails to provide sufficient evidence to establish that Pixeldrain or Buzzheavier are evading service. Instead, Plaintiff's counsel simply states that "publicly available materials indicated that Pixeldrain and Buzzheavier take steps to obscure from public directories information about their physical location, and that their data storage centers may be maintained overseas." (Dkt. 8-1 at 2.) However, again, Plaintiff's counsel provides no further detail or citation to the "publicly available materials." See Midmark Corp. v. Janak Healthcare Priv. Ltd., 2014 WL 1764704, at *3 (S.D. Ohio May 1, 2014) (holding that service by email was not necessary where defendant was not "playing hide-and-seek with the federal court"). Plaintiff has not indicated that it has made any attempt to contact Pixeldrain or Buzzheavier directly, at their known email addresses, to request the relevant information. Although it appears that Pixeldrain and Buzzheavier have made it difficult to ascertain their physical addresses and agents for service, this is not sufficient to show that they are actively evading service. See Amazon.com, Inc. v. Tian, 2022 WL 486267, at *4 (W.D. Wash. Feb. 17, 2022) ("While it appears that Defendants have made it difficult to ascertain their identities and contact

information, this is not sufficient to show that Defendants are actively evading service.").

Additionally, although many district courts within the Ninth Circuit have authorized plaintiffs to serve foreign entities by email, Plaintiff "provides no case that allows Rule 4(f)(3) to be used to serve an entirely unknown [entity] without any evidence that the [entity] is foreign." Chegg, Inc. v. Doe, 2023 WL 4315540, at *6 (N.D. Cal. July 3, 2023). In fact, Plaintiff relies on a case where the plaintiff had discovered that the defendant was a foreign individual or corporation, but its precise address was unknown. See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1013, 1018–19 (9th Cir. 2002) (allowing the plaintiff to serve process by email on a Costa Rican entity with an unknown address). Although an entity's precise address need not be known, "the party seeking alternative service must provide enough evidence to show that defendant likely resides outside the United States." Chegg, Inc., 2023 WL 4315540, at *3; see also Assef v. Does 1-10, 2016 WL 1191683, at *3-4 (N.D. Cal. Mar. 28, 2016) (allowing alternative service under Rule 4(f)(3) in part because "plaintiffs ha[d] learned that Defendants are likely based in either Singapore or Australia"); Wilens v. Automattic Inc., 2015 WL 498745, at *5 (N.D. Cal. Feb. 5, 2015) (granting leave to serve anonymous Doe defendant by email where defendant "appear[ed] to be located in Russia").

Here, Plaintiff merely suggests that "the entities may be based overseas." (Dkt. 8 at 5.) Further, Plaintiff's counsel states that he and other members of his firm investigated "whether Pixeldrain and Buzzheavier have a physical address or agent for service of process in any jurisdiction, including overseas." (Dkt. 8-1 at 2.) However, Plaintiff's counsel provides no further detail as to what information led to this inference or what countries Pixeldrain or Buzzheavier may be located in. Plaintiff does not provide enough evidence to show that Pixeldrain or Buzzheavier likely resides outside the United States. See Chegg, Inc., 2023 WL 4315540, at *3;

7

see also Sec. & Exch. Comm'n v. Wahi, 2023 WL 3582398, at *2 n.2 (W.D. Wash. May 22, 2023) ("[L]itigants may not simply evade the Hague Convention by claiming to not know the physical address of the defendant; at least some effort at identifying the physical address of a defendant located abroad is generally necessary for Rule 4(f)(3) alternative service.").

Because Plaintiff does not provide sufficient detail to satisfy the Court that it exercised reasonable diligence in investigating whether Pixeldrain or Buzzheavier have physical addresses or agents for service of process, Plaintiff's *Ex Parte* Application for Order Permitting Alternative method of Service of Subpoenas (By Email) on Pixeldrain and Buzzheavier is DENIED WITHOUT PREJUDICE.  (Dkt. 8.)

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's *Ex Parte* Application for Order Permitting Alternative method of Service of Subpoenas (By Email) on Pixeldrain and Buzzheavier is DENIED WITHOUT PREJUDICE.


IT IS SO ORDERED.


DATED:  June 22, 2026          _____
                                      HON. A. JOEL RICHLIN
                                UNITED STATES MAGISTRATE JUDGE